UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

In the Matter of:                :        Chapter 13
                                 :
VANESSA O. DILLARD,              :
                                 :
        Debtor                   :        Case No. 06-30939 RFH
                                 :

BEFORE

ROBERT F. HERSHNER, JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

COUNSEL:

| | |
|---|---|
| For Vanessa O. Dillard: | Mr. Barry Gordon Irwin<br>Post Office Box 140<br>Hull, Georgia 30646-0140 |
| For Federal National Mortgage Association: | Mr. Robert Michael Sheffield<br>1544 Old Alabama Road<br>Roswell, Georgia 30076 |
| For Chapter 13 Trustee: | Mr. Tony D. Coy<br>Post Office Box 954<br>Macon, Georgia 31202 |

# **MEMORANDUM OPINION**

Vanessa O. Dillard, Movant, filed on December 21, 2006, a Motion To Extend The Stay Under 11 U.S.C. § 362(c)(3). Federal National Mortgage Association ("Fannie Mae"), Respondent, filed a response on December 22, 2006. Movant's motion came on for hearing on January 11, 2007. The Court, having considered the evidence presented and the arguments of counsel, now publishes this memorandum opinion.

Movant owed an obligation to GMAC Mortgage Corporation. The obligation was secured by a deed to secure debt on Movant's residence. Movant defaulted on her obligation. GMAC foreclosed on the deed to secure debt.

Charles Christopher Horton, attorney at law, conducted the foreclosure sale on March 7, 2006. Mr. Horton concluded the sale at 12:15 p.m. GMAC was the highest bidder. Mr. Horton "bid in" the residence on behalf of GMAC. Mr. Horton testified that, as is customary in Georgia, he does not handle the foreclosure sale proceeds when the lender bids in the property.

Movant filed a petition under Chapter 13 of the Bankruptcy Code at 2:00 p.m. on March 7, 2006 ("the prior bankruptcy case"). Thus, the foreclosure sale was concluded prior to Movant filing for bankruptcy relief. Movant was not represented by counsel when she filed her bankruptcy case. Movant did not obtain the pre-

bankruptcy credit counseling required by 11 U.S.C.A. § 109(h). The Court entered an order on March 24, 2006, dismissing Movant's bankruptcy case.

On April 25, 2006, a Deed Under Power ("foreclosure deed") was filed for record with the Clerk of Superior Court, Clarke County, Georgia. The foreclosure deed conveyed Movant's interest in the residence to GMAC. Also on April 25, 2006, a Special Warranty Deed was filed for record which conveyed GMAC's interest in the residence to Respondent. Respondent had guaranteed Movant's obligation to GMAC.

Respondent commenced dispossessory proceeding in the state magistrate court. This Court entered an order on June 26, 20006, reopening Movant's prior bankruptcy case. The reopening stayed the dispossessory proceeding.[1] The Court entered an order on December 12, 2006, again dismissing Movant's prior bankruptcy case.

Movant filed on December 13, 2006, her current Chapter 13 bankruptcy case. Movant is represented by counsel. Prior to filing her current case, Movant obtained the required credit counseling. Movant filed on December 21, 2006, a motion to extend the automatic stay of the Bankruptcy Code.[2]

---

[1] The magistrate court had issued a writ of possession but Respondent had not removed Movant from her residence when this Court reopened Movant's bankruptcy case.

[2] Section 362(c)(3)(A), and (B) of the Bankruptcy Code provides:

§362. Automatic Stay

. . .

The evidence presented at the hearing on Movant's motion to extend the automatic stay shows that Movant is a registered nurse who is employed full-time. Movant's mother, brother, and grandmother live with Movant in the residence. Movant supports her brother and grandmother. Movant's mother is employed. The Chapter 13 Trustee reports that Movant's proposed Chapter 13 plan is feasible and that a wage deduction order is in place. Some $9,000 that Movant "paid into" her

---

(c) Except as provided in subsections (d), (e), (f) and (h) of this section—

. . .

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may impose them) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed:

11 U.S.C.A. § 362(c)(3)(A), (B) (West Supp. 2006).

4

prior Chapter 13 case has been transferred to her current Chapter 13 case. Movant has "paid in" an additional $2,000 during her current Chapter 13 case. Movant's prior Chapter 13 case was dismissed because she failed to obtain the required pre-bankruptcy credit counseling. Movant was not represented by counsel when she filed her prior bankruptcy case. Movant has now obtained the credit counseling. No party in interest except Respondent opposes the extension of the automatic stay. The Court is persuaded that Movant has demonstrated that her current bankruptcy case was filed in good faith as that term is used in § 362(c)(3)(B).

Respondent contends that Movant's interest in her residence terminated pre-petition and that the residence is not protected by the automatic stay. Respondent contends that Movant is a tenant at sufferance after foreclosure.[3] The evidence shows that Mr. Horton, on behalf of GMAC, concluded the foreclosure sale before Movant filed her prior bankruptcy case. The foreclosure deed and the special warranty deed were filed for record after dismissal of Movant's prior bankruptcy case and before it was reopened. Thus, Movant had no bankruptcy case pending when the deeds were filed for record.

"Under Georgia law, a deed to secure debt transfers legal title to the property conveyed to the grantee and the grantor retains equitable title with the equitable right

---

[3] Hurt v. Norwest Mortgage, Inc., 260 Ga. App. 651, 580 S.E.2d 580, 586 (2003) (following foreclosure, resident becomes tenant at sufferance subject to dispossessory action).

5

of redemption by payment of the debt. Redemption can be accomplished only by payment in full of the secured debt. This equitable right of redemption is a property right of the debtor within the jurisdiction of the bankruptcy court. . . . In Georgia, a properly conducted foreclosure cuts off the grantor's equitable right of redemption." Leggett v. Morgan, (In re Morgan), 115 B.R. 399, 401 (Bankr. M.D. Ga. 1990).

Federal law determines whether an interest in property is property of the bankruptcy estate. The nature and existence of the interest is determined by state law. Witko v. Menotte, (In re Witcko), 374 F.3d 1040, 1043 (11th Cir. 2004). A debtor's equitable right of redemption is property of the bankruptcy estate. Commercial Federal Mortgage Corp. v. Smith, (In re Smith), 85 F.3d 1555, 1557-58 (11th Cir. 1996). Whether a debtor's equitable right of redemption is terminated by a foreclosure sale is a question of state law.

The Bankruptcy Courts for the Northern District of Georgia and the Southern District of Georgia have held that a debtor's equity of redemption terminates upon sale to the highest bidder on the date the foreclosure is held even though the foreclosure deed is not recorded until after the debtor filed for bankruptcy relief. First Nationwide Mortgage Corp. v. Davis, (In re Davis), 1998 WL 34066146 (Bankr. S.D. Ga., Jan. 21, 1998) (Dalis, J.); Sanders v. Amsouth Mortgage Co., (In re Sanders), 108 B.R. 847, 849 (Bankr. S. D. Ga., 1989) (Davis, J.); Pearson v. Fleet Finance Center, Inc., (In re Pearson),75 B.R. 254, 255 (Bankr. N.D. Ga., 1985) (Drake, J.).

Movant relies upon this Court's decision in Chase Home Finance LLC v. Geiger, (In re Geiger), 340 B.R. 422 (Bankr. M.D. Ga., 2006). In Geiger, the lender was the highest bidder at foreclosure. No tender of the bid amount or execution of the foreclosure deed occurred before the debtor filed for bankruptcy relief.

The case at bar is factually different from Geiger. The foreclosure sale was concluded and the foreclosure deed and special warranty deed were filed for record prior to the filing of Movant's current bankruptcy case. Respondent was called upon to honor its guarantee of Movant's obligation to the foreclosing lender, GMAC. The Court is persuaded that Movant's equity of redemption was terminated.

The Court is persuaded that Movant's motion to extend the automatic stay must be denied to the extent it seeks to apply the automatic stay to Respondent. The Court is persuaded that the residence at issue is not property of Movant's bankruptcy estate and that Respondent may proceed with its dispossessory action in the state magistrate court. Movant's motion, to the extent that it seeks to apply the automatic stay to Movant's other creditors, should be granted because those creditors do not object to the extension.

Movant questions whether Respondent or GMAC is the proper creditor on her residential obligation. Movant received a GMAC Mortgage Account Statement dated December 18, 2006. The statement is dated some eight months after GMAC conveyed Movant's residence to Respondent. The evidence is clear that GMAC was

the original holder of Movant's obligation, and that GMAC conveyed its interest to Respondent by special warranty deed. Movant's contention that GMAC violated the automatic stay by sending the account statement is not properly before the Court.

An order in accordance with this memorandum opinion will be entered this date.

DATED this 7th day of February, 2007.

    /s/ Robert F. Hershner, Jr.
ROBERT F. HERSHNER, JR.
Chief Judge
United States Bankruptcy Court